## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JANE DOE 3,<br><br>      Plaintiff,<br><br>v.<br><br>RED ROOF INNS, INC., VARAHI HOTEL, LLC, FMW RRI NC, LLC, WESTMONT HOSPITALITY GROUP, INC., RRI III, LLC, , WYNDHAM HOTELS & RESORTS, INC., MICROTEL INNS AND SUITES FRANCHISING, INC., KUZZINS BUFORD, LLC, 2014 SE OWNER 5-EMORY, LLC, LAXMI DRUID HILLS HOTEL, LLC, JHM HOTELS MANAGEMENT, INC., AURO HOTELS MANAGEMENT, LLC, HILTON FRANCHISE HOLDINGS, LLC, HILTON DOMESTIC OPERATING COMPANY, INC., HILTON WORLDWIDE HOLDINGS, INC., 42 HOTEL CUMBERLAND LLC, ENCORE CUMBERLAND LLC, EXTENDED STAY AMERICA, INC., ESA MANAGEMENT, LLC, ESA P PORTFOLIO, LLC, F/K/A BRE/ESA P PORTFOLIO, LLC, ESA P PORTFOLIO OPERATING LESSEE, LLC and JOHN DOES 1-10.<br>              Defendants. | Civil Action No.<br>1:19-cv-03843-WMR |

1825982.1

1

# PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and its inherent authority, the Court hereby orders the entry of the following Protective Order ("Protective Order" or "Order") in this matter.

## I. DEFINITIONS

A.    "Action" means Jane Doe 3 v. Red Roof Inns, Inc., et al., 1:19-CV-03843-WMR, presently pending in the Northern District of Georgia, Atlanta Division.

B.    "Party" means any party named in this Action.

C.    "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

D.    "Plaintiff's Identity" means the Plaintiff's personally identifiable information, including:  (i) names and aliases used at any time; (ii) date of birth; (iii) social security number; (iv) current and prior addresses; (v) phone numbers and email addresses, and social media or online user account names; (vi) Plaintiff's likeness; and (vii) the names of Plaintiff's biological or adoptive parents, and biological siblings.

E.    "Confidential Information" means Discovery Material (regardless of how it is generated, stored or maintained) or tangible things that contain: (i)

1825982.1

2

potentially sensitive personal identifying or financial information, including but not limited to, dates of birth, social security numbers, phone numbers, employment histories, or credit card information; and (ii) any material prohibited from disclosure by statute or Court Order but is nonetheless discoverable. "Confidential Information" does not include "Plaintiff's Identity" or "Victim of Sex Trafficking" which are separately addressed in Section VI.

F.    "Highly Confidential Information" means Discovery Material that a Party reasonably believes in good faith constitutes, reflects, discloses, or contains any trade secret or proprietary information that the Party has maintained as non-public or confidential.

G.    "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery and marks as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

H.    "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated by the Designating Party in connection with discovery in this case.

1825982.1

I.      "Outside Counsel" means attorneys who are not employees of a Party but are retained to represent or advise a Party to the Action, and persons who are employees, partners, or shareholders of a law firm that represents or has appeared on behalf of a Party in this action.

J.      "In-House Counsel" means Attorneys who are employees of a Party.

K.      "Counsel" (without qualifier) means Outside Counsel and In-House Counsel (as well as their support staffs).

L.      "Final Disposition" means the later of (i) dismissal of all claims and defenses in this action, with or without prejudice; and (ii) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

M.      "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

N.      "Protected Material" means any Discovery Material that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as provided for in this Order.

O.      "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

1825982.1

4

P.     "Expert" means a person with specialized knowledge or experience in a matter pertinent to this lawsuit who has been retained by a Party or their Counsel to serve as an expert witness or consultant in this Action.

Q.     "Professional Vendors" means persons or entities that provide litigation support services (e.g., document and ESI processing, hosting, review and production, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees or subcontractors.

R.     "Victim of Sex Trafficking" means a person who a party has identified in writing as a possible victim of sex trafficking. Parties may only designate individuals who are believed, in good faith, to be victims of sex trafficking and must describe the factual basis for that good faith belief when designating anyone as a Victim of Sex Trafficking.  A Victim of Sex Trafficking's Identity includes personally identifiable information, including:  (i) names and aliases used at any time; (ii) date of birth; (iii) social security number; (iv) current and prior addresses; (v) phone numbers and email addresses, and social media or online user account names; (vi) the Victim of Sex Trafficking's likeness; and (vii) the names of the Victim of Sex Trafficking's biological or adoptive parents, and siblings.

1825982.1

## II.   <u>SCOPE & DURATION</u>

A.     The protections conferred by this Order cover not only Discovery Material but also (i) any information extracted from Discovery Material; (ii) all copies, excerpts, summaries, or compilations of Discovery Material; and (iii) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Discovery Material.

B.     This Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a) of the Federal Rules of Civil Procedure.

C.     This Order is without prejudice to the right of any Party to seek further or additional or less restrictive protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

D.     To the extent a Designating Party provides Protected Material under the terms of this Protective Order to the Receiving Party, the Receiving Party shall not share that material with any non-party, absent express written permission from the Designating Party, unless in conformance with this Protective Order.

E.   Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Protected Material to the Designating Party's Counsel or destroy such Protected Material, at the option of the Designating Party.

F.   All Parties that have received any such Protected Material shall, upon request by the Designating Party, certify in writing that all Protected Material has been returned to the Designating Party's Outside Counsel or destroyed. Notwithstanding the provisions for return of Protected Material, Counsel may retain one set of pleadings, correspondence, and attorney or consultant work product containing or appending Protected Material (but not document productions) for archival purposes.

## III.   USE AND DISCLOSURE

A.   All information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be used solely for the purposes of the above-captioned litigation between the Parties.  Nothing herein shall restrict the use of Protected Material of the Producing Party by the Producing Party.

B.   Access to a Designating Party's information marked "CONFIDENTIAL" shall be limited to, and only to, the following persons:

> 1.   The Parties listed in Paragraph III.B—including the current employees, officers, and representatives of the Parties as needed to litigate any claims or defenses;

1825982.1

7

2.      Former employees, officers, and representatives of the Parties who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

3.      Current and former contractors of the Parties who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

4.      Counsel for the Parties and employees, agents, and representatives of counsel as needed to litigate any claims or defenses;

5.      The Court and Court personnel;

6.      Court reporters, recorders, and videographers engaged for depositions;

7.      Any mediator appointed by the Court or jointly selected by the Parties;

8.      Any Expert, outside consultant, or investigator retained by Outside Counsel of Record specifically in connection with this Action and who have signed the Acknowledgment & Agreement to Be Bound attached to this Protective Order attached to this Protective Order as Exhibit A;

9.      A person identified in the document marked "CONFIDENTIAL" as an author, source, addressee, or recipient of the communication or document, or who already has a copy of the document marked "CONFIDENTIAL";

10.     Professional Vendors who have signed the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A;

11.     Government agencies and agency personnel, but only to the extent that the disclosure of Confidential Information is necessary to litigate any claims or defenses or to comply with any obligations or requirements;

12.     In the course of a deposition, any Non-Party deponent and such Non-Party deponent's counsel may be shown Confidential Information if the Non-Party deponent and the Non-Party deponent's counsel first execute the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A, provided that any such Non-Party deponent and his or her counsel may not retain any documents containing Confidential Information following the deposition; and

13.     Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court and who execute the Acknowledgment & Agreement to Be Bound attached as Exhibit A.

C.     Access to a Designating Party's information marked "HIGHLY CONFIDENTIAL" shall be limited to, and only to, the following persons:

1.     Employees, officers, and representatives of the Designating Party;

2.     Former employees, officers, and representatives of the Designating Party who execute the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A;

3.     Contractors and former contractors of the Designating Party who execute the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A;

4.     Employees and former employees of a Party operating with the brand of a Designating Party who execute the Acknowledgment

1825982.1

and Agreement to Be Bound attached to this Protective Order as Exhibit A;

5.      Outside Counsel for the Parties and employees, agents, and representatives of Outside Counsel as needed to litigate any claims or defenses;

6.      The Court and Court personnel;

7.      Court reporters, recorders, and videographers engaged for depositions;

8.      Any mediator appointed by the Court or jointly selected by the Parties;

9.      Any Expert, outside consultant, or investigator retained by Outside Counsel of Record specifically in connection with this Action and who have signed the Acknowledgment & Agreement to be Bound attached to this Protective Order as Exhibit A;

10.    A person identified in the document marked "HIGHLY CONFIDENTIAL" as an author, source, addressee, or recipient of the communication or document, or who already has a copy of the document marked "HIGHLY CONFIDENTIAL";

11.    Professional Vendors who have signed the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A; and

12.    Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court and who execute the Acknowledgment & Agreement to Be Bound attached as Exhibit A.

D.    In the event that an attorney of record for a party desires that Protected Material be disclosed to anyone beyond that which is allowed in this Order, the Parties shall confer in good faith and attempt to resolve the matter; if no agreement can be reached, the matter shall be referred to the Court for disposition. If an agreement is reached, or the Court decides that the document(s) shall be disclosed, the person to whom disclosure is to be made shall execute an Acknowledgement.

## IV.    DESIGNATING PROTECTED MATERIAL

A.    When producing Protected Material, the Producing Party shall mark every page of any such document prior to production as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," as appropriate, or give other comparable notice. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.

B.    All Protected Material not reduced to documentary, tangible or physical form, or which cannot be conveniently designated pursuant to the preceding Paragraph 4(a), shall be designated by the Producing Party in writing to the Receiving Party and the designated information shall thereafter be treated in accordance with the terms of this Order.

1825982.1

C.     In the event that a Producing Party fails to stamp or otherwise designate a document or other information as confidential at the time of its production, that Producing Party may do so thereafter on notice to all of the Receiving Parties; provided however, that the Receiving Party shall not be liable for any disclosure or use of such information that may have occurred prior to receiving notice of the confidential designation. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Party shall return or securely destroy, at the Designating Party's option, all Discovery Material that was not designated properly.

D.     If at any time during the deposition of a Party's or Non-Party's employee, agent, or representative, information is sought that the Party or non-party considers to be Protected Material, Counsel for the Party or Non-Party may interrupt the deposition so as to ask persons to whom disclosure of Protected Material is not authorized to leave the room. Aside from deponents, only persons to whom Protected Material is authorized to be shown shall be permitted to attend confidential portions of depositions involving Protected Material.

E.     For testimony given in deposition or in a pre-trial hearing, the Parties may agree on the record during the deposition or pre-trial hearing that

1825982.1

12

testimony in that proceeding will <u>not</u> be treated as Confidential Information or Highly Confidential Information.  If a Party requests on the record during a deposition or pre-trial hearing that said testimony be provisionally treated as Highly Confidential Information, then said deposition or hearing testimony shall be treated as Highly Confidential Information until fourteen (14) days after the transcript is delivered by the court reporter to each Party's Outside Counsel of Record.  Otherwise, deposition or hearing testimony taken in this case shall be provisionally treated as Confidential Information until fourteen (14) days after the transcript is delivered by the court reporter to each Party's Outside Counsel of Record. Within the 14-day window following the court reporter's delivery of the transcript, any Party may serve a Notice of Designation to all other Parties as to specific portions of the testimony that shall be designated as Confidential Information or Highly Confidential Information.  After the 14-day window, only those portions identified in any Notice of Designation shall be protected by the terms of this Protective Order. Parties shall endeavor to give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to implicate Protected Material.

13

## V.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.   A Receiving Party shall not be obligated to challenge the propriety of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation by the Designating Party of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

B.   Any challenge to a designation of the Designating Party's Discovery Material under this Order shall be written, shall be for good cause, shall be served on Counsel for the Designating Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

1.   The Receiving Party shall have the burden of conferring either in person, in writing, or by telephone with the Designating Party in a good faith effort to resolve the dispute.  The Designating Party shall have the burden of justifying the disputed designation.

2.   The entry of this Order shall not preclude or prejudice either the Designating Party or the Receiving Party from arguing for or against any

designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

3.     Notwithstanding any challenge to a designation, the Protected Material in question shall continue to be treated as designated under this Order until one of the following occurs:   (a) the Designating Party withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.   In the event that a Designating Party withdraws a confidentiality designation or the Court rules that the Discovery Material in question is not entitled to the designation, the Designating Party shall promptly reproduce the information in question with the appropriate confidentiality designation, if any, as applicable.

## VI.   REDACTION OF PLAINTIFF'S IDENTITY & VICTIMS OF SEX TRAFFICKING

During the pre-trial proceedings in this litigation and in any public filing, the Parties will either redact from or use a pseudonym in place of Plaintiff's Identity, and the identity of any Victim of Sex Trafficking.   Nothing in this Order shall prevent any party from seeking further protections or modification of this Order for the trial or litigation of this action.

## VII.  **SUBPOENAS OR COURT ORDERS**

If a Receiving Party receives a subpoena or other compulsory process (e.g., court order) from any court or other arbitral, administrative, or legislative body commanding the production of another Party's Protected Material, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to the Designating Party and its Counsel within seven days to allow the Designating Party an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena or other compulsory process.

## VIII.  **FILING PROTECTED MATERIAL AND MATERIAL CONTAINING PLAINTIFF'S IDENTITY**

A.      Absent written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material belonging to the Designating Party.

B.      Any Party is authorized to seek leave to file under seal with the Court any brief, document, or materials that are designated as Protected Material or containing Plaintiff's Identity or the identity of Victims of Sex Trafficking under this Order.

1825982.1

16

## IX.   <u>INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER</u>

A.      In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify Counsel for the Designating Party and provide to such Counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

B.      Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Confidential Information or Highly Confidential Information.

## X.   <u>REDACTIONS & PSEUDONYMS</u>

A. To comply with all applicable state, federal, and extraterritorial laws and regulations, the Producing Party may redact from produced documents, materials, and other things information that it is not permitted by such laws and regulations to be disclosed in litigation even with Court-imposed confidentiality restrictions. In addition, a Producing Party may redact potentially sensitive personal identifying

information of guest lodging facility customers, provided that the Parties agree to meet and confer on the appropriateness of a given redaction if appropriate.

## XI.    APPLICABILITY OF PROTECTIVE ORDER TO NON-PARTIES

A.    In the course of this Action, the Parties may attempt to discover documents and information from Non-Parties. Any Non-Party from whom discovery is sought by the Parties may avail itself of the protections and limitations of disclosure provided for in this Protective Order by signing this Protective Order prior to production. The Non-Party shall identify any Confidential Information or Highly Confidential Information produced in accordance with this Protective Order. By so availing itself of the protections and limitations provided for in this Protective Order, any such Non-Party shall submit to the jurisdiction of the Court for all matters relating to or arising out of this Protective Order.

B.    The Parties shall treat any material properly designated as Confidential Information or Highly Confidential Information produced by a Non-Party in accordance with the terms of this Protective Order. The Parties shall reference this Protective Order in any subpoena or discovery request they serve or otherwise provide to any Non-Party.

## XII. INADVERTENT PRODUCTION OF SUBSEQUENTLY-CLAIMED PRIVILEGED INFORMATION

A.    The production of privileged or work-product protected Discovery Material ("Disclosed Protected Information") in this case, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Protective Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). Nothing contained herein is intended to, or shall serve to limit a Party's right to conduct a review of any Discovery Material for relevance, responsiveness, or segregation of privileged or protected information before production. Additionally, the inadvertent production of Discovery Material without an appropriate designation of confidentiality shall not be deemed a waiver or acknowledgment as to the confidentiality of any inadvertently produced document and any related material.

B.    Upon discovery that a document has been produced that the Producing Party believes to contain privileged and/or work product material, the Producing Party must notify the Receiving Party within thirty (30) days of that discovery, in writing, asserting the attorney-client privilege, work product protection, or other applicable privilege or protection with respect to Disclosed Protected Information.

1825982.1

The written notice of the recall of privileged material shall be accompanied by a log articulating the privilege basis for each privileged document.

C.     The Receiving Party must—unless it contests the claim of privilege or protection in accordance with this Protective Order—within fourteen (14) days of receipt of that writing and, to the extent applicable: (i) return, delete, or destroy all copies of the Disclosed Protected Information; and (ii) provide a certification from Outside Counsel of Record that all of the Disclosed Protected Information has been returned or destroyed.

D.     If the Receiving Party contests the claim of privilege or protection of Disclosed Protected Information, the Receiving Party must—within fourteen (14) days of receipt of the claim of privilege or protection—move the Court for an order compelling disclosure of the Disclosed Protected Information (a "Disclosure Motion"). The Receiving Party must seek leave of Court to file the Disclosure Motion under seal, must file an accompanying motion to seal in accordance with the terms of this Protective Order, and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure, and may not disclose, rely on, or refer to any of the Disclosed Protected Information pending resolution of the Disclosure Motion. Pending resolution of the Disclosure Motion, the Receiving Party may not use, disclose, disseminate, or otherwise convey the Disclosed

1825982.1

Protected Information to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

E.      Disclosed Protected Information that is sought to be reclaimed by the Parties to this case pursuant to this Protective Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

F.      Should any motion compelling production of the Disclosed Protected Information be filed, the Producing Party shall retain the burden of establishing its privilege or work product claims. Nothing in this paragraph shall limit the right of any Party to petition the Court for an *in camera* review of the Disclosed Protected Information. Nothing in this Protective Order shall relieve Counsel for any Receiving Party of any existing duty or obligation, whether established by case law, rule of court, regulation or other source, to return, and not to review, any privileged or work product materials without being requested by the Producing Party to do so.

G.      The parties may stipulate in writing to extend the time periods set forth in this section.

1825982.1

## XIII. <u>MISCELLANEOUS</u>

A.      <u>Modification</u>.  Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future. By stipulating to or complying with this Order, the Designating Party does not waive the right to argue that certain Protected Material may require additional or different confidentiality protections than those set forth herein. Furthermore, this Order is subject to modification *sua sponte* by Court order.

B.      <u>Termination of Matter and Retention of Jurisdiction</u>. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

C.      <u>Successors</u>. This Order shall be binding upon the Parties, their Outside Counsel, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

D.      <u>Right to Assert Other Objections</u>. Designating Party does not waive any right it otherwise would have in this action to claim that any Discovery

1825982.1

Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding. Similarly, neither Party waives any right to object on any grounds to the use in evidence of any Protected Material covered by this Order.

E.  <u>Burdens of Proof</u>. Notwithstanding anything to the contrary herein, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, whether disclosure should be restricted, and if so, what restrictions should apply.

F.  <u>Jurisdiction and Venue</u>. This Court has the authority to interpret and enforce this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by this Court.

G.  <u>Discovery Rules Remain Unchanged</u>. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of Georgia, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the

1825982.1

restrictions and procedures of the Federal Rules of Civil Procedure, the Local

Rules for the United States District Court for the Northern District of Georgia

or the Court's own orders.

      IT IS SO ORDERED this 4th day of December, 2019

WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JANE DOE 3,

Plaintiff,

v.

CIVIL   ACTION   FILE
NO.1:19-CV-03843-WMR

RED ROOF INNS, INC., et al.,

Defendants.

**ACKNOWLEDGMENT & AGREEMENT TO BE BOUND**

I, _____, declare that:

1.    My address is _____,
and the name and address of my present employer is
_____.

2.    My title is _____.

3.    I have received a copy of the Protective Order in the above-captioned lawsuit.

4.    I have carefully read and understand the provisions of the Protective Order, agree to be bound by them, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential Information or Highly Confidential Information received under the protection of the Protective Order in violation thereof.

5.    I consent to the exercise of personal jurisdiction by this Court, the United States District Court for the Northern District of Georgia, in connection

1825982.1

25

with this Acknowledgment & Agreement to be Bound, and my obligations under the Protective Order.

6.      I declare under penalty of perjury that the facts stated above are true and correct.

Executed this __ day of _____ 20___ in the State of _____.

By: _____
(SIGNATURE)