## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JANE DOE 3,

                Plaintiff,

    v.

RED ROOF INNS, INC., et al.,

                Defendants.

CIVIL ACTION
NO. 1:19-cv-03843-WMR

## <u>ORDER</u>

This case comes before the Court on Plaintiff's Motion for Entry of Judgment pursuant to Rule 54(b) and Certification under 28 U.S.C. § 1292(b) (the "Motion"). [Doc. 204].  Plaintiff moves the Court for entry of final judgment only as to Choice Hotels International, Inc. ("Choice"), Wyndham Hotels & Resorts, Inc. ("Wyndham") and Microtel Inn & Suites Franchising, Inc. ("MISF").  Plaintiff also asks the Court to certify the rulings in its April 13, 2020, Order (the "Order") [Doc. 201] as to Plaintiff's Trafficking Victims Protection Reauthorization Act ("TVPRA") claims for immediate review.  No party has opposed Plaintiffs' Motion.[1] Upon consideration of the Motion and all matters appropriate, Plaintiff's Motion is GRANTED.

---

[1]  This Court gave the parties until the start of business on Monday, April 27, 2020, to file any responses.  As of the date of this Order, no party has filed an opposition to the Motion.

## I.  The Order shall be a final judgment under Federal Rule of Civil Procedure 54(b).

Under Rule 54(b), "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all … parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1 (1980); *In re Southeast Banking Corp.*, 69 F.3d 1539, 1546 (11th Cir. 1995).

Here, the Order dismissing Choice, Wyndham, and MISF dismisses all of the claims against these defendants without prejudice.[2]  In the absence of a final judgment for these defendants, there is a significant risk of duplicative discovery and trials, a risk only compounded by the existence of the four related cases before this Court.[3]  As this case is in the relatively early stages of discovery, an appeal could provide clarity on the pleading standards for asserting TVPRA claims and the potential scope of liability for such claims, where, as here, it is alleged that the franchisor defendants "knew or should have known they were benefitting financially from [a sex trafficking] venture" involving their respective franchisees.  Appellate clarification will provide guidance to the litigants and their attorneys as to whether

---

[2]  The Court notes that it specifically preserved the right of the Plaintiff to file a motion during or after discovery to add such entities as defendants in this case should discovery develop evidence warranting their inclusion as parties.

[3]  The four cases, which include the instant case, are Jane Doe 1 v. Red Roof Inns, Inc. et al., Case No. 1:19-cv-03840-WMR, Jane Doe 2 v. Red Roof Inns, Inc. et al., Case No. 1:19-cv-03841-WMR, Jane Doe 3 v. Red Roof Inns, Inc. et al., Case No. 1:19-cv-03843-WMR, and Jane Doe 4 v. Red Roof Inns, Inc.et al., Case No. 1:19-cv-03845-WMR.

the claims, as pled, are viable and warrant discovery at all.  Entering final judgment and granting a limited stay in the remaining litigation expedites appellate review of these issues and protects the parties—and the Court—from repeating discovery and trial(s) following a potential remand.

For the above reasons, the Court finds that the sound administration of justice supports the entry of a final, appealable judgment and that there is no just reason for a delay in entering such a judgment as to these defendants under Rule 54(b).

## II.    The Court's TVPRA rulings are certified for immediate review under 28 U.S.C. 1292(b).

This Court finds that the Order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and that an immediate appeal from the Order would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  The application of the TVPRA's "knew or should have known" standard in asserting civil liability under 18 U.S.C. § 1595(a) in the context of a franchisor/franchisee relationship and, more particularly, whether a franchisor's right to set standards for and conduct inspections of its franchisee's property is sufficient to allege that it had the requisite "knowledge" for imposing civil liability under the statute, appear to be questions of first impression in this Circuit which warrant §1292(b) review. *See United States ex rel. Powell v. Am. Intercontinental Univ., Inc.*, 756 F. Supp. 2d 1374, 1378–79 (N.D. Ga. 2010).

Federal courts in other jurisdictions have addressed the "knew or should have known" standard in asserting civil liability under 18 U.S.C. § 1595(a) in the context of the hotels and the owner/operators of the hotels where the trafficking allegedly occurred. *E.g.*, *Ricchio v. McLean*, 853 F.3d 553, 556 (1st Cir. 2017) (holding that plaintiff asserted viable claims under TVPRA against corporate owner of hotel and the hotel's two operators, where it was plausibly alleged that defendants participated in a venture with defendant McLean in reckless disregard of the fact that the venture included McLean's conduct of sex trafficking); *Ricchio v. Bijal, Inc.*, 424 F. Supp.3d 182, 189, 194 (D. Mass. Nov. 22, 2019) (district court, on remand, notes that a defendant can be civilly liable under the TVPRA "even in the absence of proof of intentional conduct"); *Doe S.W. v. Lorain-Elyria Motel, Inc.*, No. 2:19-CV-1194, 2020 WL 1244192, at *5 (S.D. Ohio Mar. 16, 2020) ("[T]he plain text of § 1595(a) makes clear that the standard under this section is a negligence standard of constructive knowledge").  Federal courts in other jurisdictions have also addressed the "knew or should have known" standard in asserting civil liability under 18 U.S.C. § 1595(a) against hotel chains. *H.H. v. G6 Hosp., LLC*, No. 2:19-CV-755, 2019 WL 6682152, at *3 (S.D. Ohio Dec. 6, 2019) (where it was alleged that hotel chain had access to online reviews which should have alerted hotel chain to the prevalence of sex trafficking at its properties, district court held that hotel chain had constructive knowledge for the purposes of § 1595(a) liability); *M.A. v. Wyndham Hotels &*

4

*Resorts, Inc.*, *et al.*, No. 2:19-CV-849, 2019 WL 4929297, at *6 (S.D. Ohio Oct. 7, 2019) (district court held that plaintiff's "allegations [against hotel chain] are sufficient to meet the negligence standard in §1595 for purposes of surviving a Motion to Dismiss").  The need for Eleventh Circuit precedent on the legal question and the variance in authority confirms that there is a substantial ground for a difference of opinion.

Moreover, for many of the same reasons that the Court finds that there is no just reason for delay and the equities weigh in favor of entering a final appealable judgment under Rule 54(b), the Court also finds that immediate appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This element is satisfied if immediate appeal "would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin v. Conseco Serv. LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004).  In making this determination, one of the factors to consider is "the extent to which additional time and expense may be saved by the appeal." *Monroe Cty. Employees' Ret. Sys. v. Southern Co.*, 333 F. Supp. 3d 1315, 1328 (N.D. Ga. 2018).  Allowing immediate appeal and granting a limited stay in the remaining litigation gives all stakeholders—the Court, litigants, and counsel, as well as would-be TVPRA plaintiffs and defendants—quicker clarity on the pleading standards for asserting TVPRA claims and the potential scope of liability for such claims, where, as here, the claims are based on a franchisor/franchisee relationship.

The Court finds, therefore, that guidance from the United States Court of Appeals for the Eleventh Circuit regarding these issues will materially aid in the proper disposition of this and other cases, making an immediate appeal from the Order appropriate.

### III.    Conclusion

Plaintiff's Motion for Entry of Judgment Pursuant to 54(b) and Certification Under § 1292(b) is hereby **GRANTED.** The Clerk is **DIRECTED** to enter final judgment in favor of Choice Hotels International, Inc., Wyndham Hotels & Resorts, Inc., and Microtel Inn & Suites Franchising, Inc., pursuant to Federal Rule of Civil Procedure 54(b).  Further, the Court **GRANTS** Plaintiff's request for leave to file an interlocutory appeal of the Order under 28 U.S.C. § 1292(b). Plaintiff shall have ten days from the date of this Order to file an application for immediate review.

IT IS SO ORDERED, this 29th day of April, 2020.

William M. Ray II
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE