**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JANE DOE 3, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )     CIVIL ACTION FILE |
| | )     NO. 1:19-CV-03843-WMR |
| RED ROOF INNS, INC., et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS EXTENDED STAY AMERICA, INC., ESA MANAGEMENT, LLC, ESA P PORTFOLIO, LLC, AND ESA P PORTFOLIO OPERATING LESSEE, LLC'S NOTICE OF INTENT TO SERVE NON-PARTY SUBPOENAS

Pursuant to Federal Rule of Civil Procedure 45(a)(4), Defendants, Extended Stay America, Inc., ESA Management, LLC, ESA P Portfolio, LLC and ESA P Portfolio Operating Lessee, LLC, by and through counsel, hereby give notice that if no objection by any party is given within fourteen (14) days of the service of this notice, they will serve the attached subpoenas to the following non-parties:

1.    LSU Health Sciences Center a/k/a
      Ochsner LSU Health Shreveport
      Attn: Custodian of Medical Records
      1541 Kings Highway
      Shreveport, LA 71103

2.    Wellstar Douglas Hospital
      Attn: Release of Information
      8954 Hospital Drive
      Douglasville, GA  30134

3.    Wellstar Atlanta Medical Center
      Attn: Release of Information
      1170 Cleveland Avenue
      East Point, GA  30344

4.    Grady Health System
      Attn: Release of Information
      80 Jesse Hill Jr. Drive SE
      Atlanta, GA  30303

5.    Grady EMS
      Attn: Custodian of Medical Records
      80 Jesse Hill Jr. Drive SE, Box 26042
      Atlanta, GA  30303

6.    Sovereign Women's Healthcare
      Attn: Custodian of Medical Records
      1875 Old Alabama Road, Suite 210
      Roswell, GA  30076

7.    Centered for Life
      Attn: Custodian of Medical Records
      2487 Demere Road, Suite 500
      St. Simons Island, GA  31522

8.    Emerald Isle Counseling
      Attn: Custodian of Medical Records
      501 Gloucester Street, Suite 204
      Brunswick, GA  31520

9.    Deuser, M.D. & Associates
       Attn: Custodian of Medical Records
       7 Saint Andrews Court
       Brunswick, GA 31520

10.   Ash Tree Center
       Attn: Custodian of Medical Records
       2255 Cumberland Parkway SE
       Atlanta, GA 30339

11.   Coastal Community Health Services
       Attn: Custodian of Medical Records
       106 Shoppers Way, Suite 101
       Brunswick, GA 31525

12.   Southeast Georgia Physicians Associates OB/GYN
       Attn: Custodian of Medical Records
       3025 Shrine Road, Suite 190
       Brunswick, GA 31520

13.   Southeast Georgia Health System
       Attn: Custodian of Medical Records
       2415 Parkwood Drive
       Brunswick, GA 31520

**[SIGNATURE ON NEXT PAGE]**

This 4th day of October, 2022.

                                          **WEINBERG, WHEELER,**
                                          **HUDGINS, GUNN & DIAL, LLC**

                                          */s/ Sarah J. Unatin*
                                          Patrick B. Moore
                                          GA Bar No. 520390
                                          Christopher T. Byrd
                                          GA Bar No. 100854
3344 Peachtree Road, N.E.                 Shubhra R. Mashelkar
Suite 2400                                GA Bar No. 475388
Atlanta, Georgia 30326                    George B. Green
Telephone: (404) 876-2700                 GA Bar No. 665716
Facsimile: (404) 875-9433                 Sarah J. Unatin
pmoore@wwhgd.com                          GA Bar No. 953061
cbyrd@wwhgd.com
smashelkar@wwhgd.com                      *Counsel for Defendants Extended Stay*
ggreen@wwhgd.com                          *America, Inc., ESA Management, LLC,*
sunatin@wwhgd.com                         *ESA P Portfolio, LLC, and ESA P*
                                          *Portfolio Operating Lessee, LLC*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 5.1 AND 7.1D**

Pursuant to Local Rules 5.1 and 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, prepared with a top margin of not less than one and one-half inches and a left margin of not less than one inch, double-spaced between lines, and used Times New Roman font of 14-point size.

Dated: October 4, 2022.

*/s/ Sarah J. Unatin*
Sarah J. Unatin

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to all
known counsel of record by electronic service via the Court's CM/ECF electronic
filing system, addressed as follows:

John E. Floyd
Manoj S. Varghese
Tiana S. Mykkeltvedt
Amanda Kay Seals
Michael R. Baumrind
BONDURANT, MIXSON & ELMORE, LLP
1201 W. Peachtree St., N.W.
Suite 3900
Atlanta, GA 30309
floyd@bmelaw.com
varghese@bmelaw.com
mykketlvedt@bmelaw.com
seals@bmelaw.com
baumrind@bmelaw.com

*Counsel for Plaintiff*

Admir Allushi
Emma J. Fennelly
Charles K. Reed
Peyton Patterson
LEWIS BRISBOIS BISGAARD &
SMITH, LLP
1600 Peachtree St., N.E.
Suite 4700
Atlanta, GA 30308
adi.allushi@lewisbrisbois.com
emma.fennelly@lewisbrisbois.com
chuck.reed@lewisbrisbois.com
Peyton.patterson@lewisbrisbois.com

*Counsel for Red Roof Inns*

Jonathan S. Tonge, Esq.
Patrick J. McDonough
Trinity Hundredmark
ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard
Suite 4000
Duluth, GA 30097
jtonge@atclawfirm.com
pmcdonough@atclawfirm.com
thundred@atclawfirm.com

*Counsel for Plaintiff*

Anthony L. Cochran
Emily C. Ward
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree Street, N.E.
Suite 1000
Atlanta, GA 30309
acochran@sgrlaw.com
eward@sgrlaw.com

*Counsel for Essex*

6

Joseph Robb Cruser
Kristin L. Yoder
Glenn C. Tornillo
CRUSER MITCHELL LAW FIRM
275 Scientific Drive, NW
Suite 2000
Peachtree Corners, GA 30092
Rcruser@cmlawfirm.com
kyoder@cmlawfirm.com
gtornillo@cmlawfirm.com

*Counsel for Kuzzins Buford*

This 4th day of October, 2022.

**WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC**

*/s/ Sarah J. Unatin*

Patrick B. Moore
GA Bar No. 520390
Christopher T. Byrd
GA Bar No. 100854
Shubhra R. Mashelkar
GA Bar No. 475388
George B. Green
GA Bar No. 665716
Sarah J. Unatin
GA Bar No. 953061

3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia  30326
Telephone: (404) 876-2700
Facsimile: (404) 875-9433
pmoore@wwhgd.com
cbyrd@wwhgd.com
smashelkar@wwhgd.com
ggreen@wwhgd.com
sunatin@wwhgd.com

*Counsel for Defendants Extended Stay
America, Inc., ESA Management, LLC,
ESA P Portfolio, LLC, and ESA P
Portfolio Operating Lessee, LLC*

7

**ATTACHMENT 1**

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

### JANE DOE 3,

*Plaintiffs,*

CIVIL ACTION FILE NO:

V.

**1:19-CV-03843-WMR**

### RED ROOF INNS, INC. et al.

*Defendants.*

#### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: **LSU Health Sciences Center**
**a/k/a Ochsner LSU Health Shreveport**
**Attn: Custodian of Medical Records**
**1541 Kings Highway**
**Shreveport, LA  71103**

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit "A" attached hereto.

| Place: **Michael Baumrind, Esq.** **BONDURANT, MIXSON & ELMORE, LLP** **1201 W. Peachtree St., N.W., Suite 3900** **Atlanta, GA 30309** | Date and Time: **October 24, 2022; 9:00 a.m.** |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   October 4, 2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Sarah J. Unatin*
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants, Extended Stay America, Inc., ESA Management, LLC and HVM, L.L.C.**, who issues or requests this subpoena, are: Sarah J. Unatin, Esq., Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, 3344 Peachtree Road, NE, Suite 2400, Atlanta, GA 30326, 404.876.2700, sunatin@wwhgd.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-CV-03843-WMR

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for _____

on _____.                                    _____

    *(date)*                                                *(name of individual and title, if any)*

☒   I served the subpoena by **CERTIFIED MAIL, RETURN RECEIPT** to the named person as follows: **LSU Health Sciences Center a/k/ Ochsner LSU Health Shreveport.**

    on  October 4, 2022;  OR

☐   I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: October 4, 2022                           */s/ Sarah J. Unatin*_____

Sarah J, Unatin, Attorney for Defendants Extended Stay America, Inc., ESA Management, LLC, ESA P Portfolio, LLC and ESA P Portfolio Operating Lessee, LLC
Weinberg Wheeler Hudgins Gunn & Dial, LLP
3344 Peachtree Road, Suite 2400
Atlanta, Georgia 30326

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as

trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.
For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT  A

**NAME:**                    **JANE DOE 3**
**DATE OF BIRTH:**
**SOCIAL SECURITY NO.:**

1.

**CERTIFIED** copies of complete health record to include all notes, reports, correspondence, office note and/or writing of any kind and/or nature pertaining to or in any way connected with your professional association with the patient named above including but not limited to patient history and results of physical exam and documentation, nurses' notes, progress notes, diagnoses and prognoses rendered by you or various medical personnel treating and examining **JANE DOE 3, for any and all dates of treatment, to include known dates of service on June 6, 2011 and June 7, 2011.**

## CERTIFIED DOCUMENTS

*These records are to include a **CERTIFIED** copy of your **entire** file, including but not limited to any and all documents whether typewritten, printed, recorded or computerized, inclusive of photographs, video or digital records.*

You must produce **each and every** piece of paper contained in your files, whether or not prepared by you (i.e., letters or records sent to you from another source.) This further includes correspondence, telephone messages, letters from attorneys, as well as billing and insurance information on file. Leave nothing out for any reason.

## HIPAA NOTICE:

In accordance with the provisions of **45 CFR 164.512(e)(1)(ii)**, this Subpoena has been issued pursuant to Rules 45(b)(1) and 5(b), Fed. R. Civ. P. The Party issuing this Subpoena has provided written notice to the Patient listed above by sending her attorney the attached Subpoena for which said Subpoena has been issued and included sufficient information about the documents sought to permit the Plaintiff to raise an objection to the Court or Administrative Tribunal.

**ATTACHMENT 2**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**JANE DOE 3,**

*Plaintiffs,*

V.

CIVIL ACTION FILE NO:

**1:19-CV-03843-WMR**

## RED ROOF INNS, INC. et al.

*Defendants.*

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
### OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: **Wellstar Douglas Hospital – HIM Department**
  **Attn: Release of Information**
  **8954 Hospital Drive**
  **Douglasville, GA  30134**

☒ *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit "A" attached hereto.

| Place: **Michael Baumrind, Esq.**<br>  **BONDURANT, MIXSON & ELMORE, LLP**<br>  **1201 W. Peachtree St., N.W., Suite 3900**<br>  **Atlanta, GA 30309** | Date and Time:<br>**October 24, 2022; 9:00 a.m.** |
|---|---|

☐ *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  October 4, 2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Sarah J. Unatin*
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants, Extended Stay America, Inc., ESA Management, LLC and HVM, L.L.C.**, who issues or requests this subpoena, are: Sarah J. Unatin, Esq., Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, 3344 Peachtree Road, NE, Suite 2400, Atlanta, GA 30326, 404.876.2700, sunatin@wwhgd.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:19-CV-03843-WMR

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for _____

on _____ .                            _____
     *(date)*                                      *(name of individual and title, if any)*

☒   I served the subpoena by **CERTIFIED MAIL, RETURN RECEIPT** to the named person as follows:
**Wellstar Douglas Hospital – HIM Department.**

    on   October 4, 2022;  OR

☐   I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount
of $_____ .

My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: October 4, 2022                    */s/ Sarah J. Unatin*
                                        Sarah J, Unatin, Attorney for Defendants  Extended
                                        Stay America, Inc., ESA Management, LLC, ESA P
                                        Portfolio, LLC and ESA P Portfolio Operating Lessee,
                                        LLC
                                        Weinberg Wheeler Hudgins Gunn & Dial, LLP
                                        3344 Peachtree Road, Suite 2400
                                        Atlanta, Georgia 30326

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.
For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT  A

**NAME:**                    **JANE DOE 3**
**DATE OF BIRTH:**
**SOCIAL SECURITY NO.:**

1.

**CERTIFIED** copies of complete health record to include all notes, reports, correspondence, office note and/or writing of any kind and/or nature pertaining to or in any way connected with your professional association with the patient named above including but not limited to patient history and results of physical exam and documentation, nurses' notes, progress notes, diagnoses and prognoses rendered by you or various medical personnel treating and examining **JANE DOE 3**.

## CERTIFIED DOCUMENTS

*These records are to include a **CERTIFIED** copy of your **entire** file, including but not limited to any and all documents whether typewritten, printed, recorded or computerized, inclusive of photographs, video or digital records.*

You must produce **each and every** piece of paper contained in your files, whether or not prepared by you (i.e., letters or records sent to you from another source.) This further includes correspondence, telephone messages, letters from attorneys, as well as billing and insurance information on file. Leave nothing out for any reason.

## HIPAA NOTICE:

In accordance with the provisions of **45 CFR 164.512(e)(1)(ii)**, this Subpoena has been issued pursuant to Rules 45(b)(1) and 5(b), Fed. R. Civ. P. The Party issuing this Subpoena has provided written notice to the Patient listed above by sending her attorney the attached Subpoena for which said Subpoena has been issued and included sufficient information about the documents sought to permit the Plaintiff to raise an objection to the Court or Administrative Tribunal.

**ATTACHMENT 3**

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

### JANE DOE 3,

*Plaintiffs,*

V.

### RED ROOF INNS, INC. et al.

*Defendants.*

CIVIL ACTION FILE NO:

## 1:19-CV-03843-WMR

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
### OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   **Wellstar Atlanta Medical Center – HIM Department**
      **Attn: Release of Information**
      **1170 Cleveland Avenue**
      **East Point, GA  30344**

⊠ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit "A" attached hereto.

| Place: **Michael Baumrind, Esq.**<br>**BONDURANT, MIXSON & ELMORE, LLP**<br>**1201 W. Peachtree St., N.W., Suite 3900**<br>**Atlanta, GA 30309** | Date and Time:<br>**October 24, 2022; 9:00 a.m.** |
|---|---|

□ *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   October 4, 2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Sarah J. Unatin*
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants, Extended Stay America, Inc., ESA Management, LLC and HVM, L.L.C.**, who issues or requests this subpoena, are: Sarah J. Unatin, Esq., Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, 3344 Peachtree Road, NE, Suite 2400, Atlanta, GA 30326, 404.876.2700, sunatin@wwhgd.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:19-CV-03843-WMR

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for _____
on _____.                          _____
       *(date)*                                      *(name of individual and title, if any)*

☒    I served the subpoena by **CERTIFIED MAIL, RETURN RECEIPT** to the named person as follows:
     **Wellstar Atlanta Medical Center – HIM Department.**

     on   October 4, 2022;  OR

☐    I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount
of $_____.

My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: October 4, 2022                   */s/ Sarah J. Unatin*
                                        Sarah J, Unatin, Attorney for Defendants  Extended
                                        Stay America, Inc., ESA Management, LLC, ESA P
                                        Portfolio, LLC and ESA P Portfolio Operating Lessee,
                                        LLC
                                        Weinberg Wheeler Hudgins Gunn & Dial, LLP
                                        3344 Peachtree Road, Suite 2400
                                        Atlanta, Georgia 30326

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.
For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT  A

**NAME:**                    **JANE DOE 3**
**DATE OF BIRTH:**
**SOCIAL SECURITY NO.:**

1.

**CERTIFIED** copies of complete health record to include all notes, reports, correspondence, office note and/or writing of any kind and/or nature pertaining to or in any way connected with your professional association with the patient named above including but not limited to patient history and results of physical exam and documentation, nurses' notes, progress notes, diagnoses and prognoses rendered by you or various medical personnel treating and examining **JANE DOE 3**.

## CERTIFIED DOCUMENTS

*These records are to include a **CERTIFIED** copy of your **entire** file, including but not limited to any and all documents whether typewritten, printed, recorded or computerized, inclusive of photographs, video or digital records.*

You must produce **each and every** piece of paper contained in your files, whether or not prepared by you (i.e., letters or records sent to you from another source.) This further includes correspondence, telephone messages, letters from attorneys, as well as billing and insurance information on file.  Leave nothing out for any reason.

## HIPAA NOTICE:

In accordance with the provisions of **45 CFR 164.512(e)(1)(ii)**, this Subpoena has been issued pursuant to Rules 45(b)(1) and 5(b), Fed. R. Civ. P.  The Party issuing this Subpoena has provided written notice to the Patient listed above by sending her attorney the attached Subpoena for which said Subpoena has been issued and included sufficient information about the documents sought to permit the Plaintiff to raise an objection to the Court or Administrative Tribunal.

ATTACHMENT 4

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**JANE DOE 3,**

*Plaintiffs,*

V.

CIVIL ACTION FILE NO:

**1:19-CV-03843-WMR**

## RED ROOF INNS, INC. et al.

*Defendants.*

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  **Grady Health System – HIM Department**
**Attn: Release of Information**
**80 Jesse Hill Jr. Drive SE**
**Atlanta, GA 30303**

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit "A" attached hereto.

| Place: **Michael Baumrind, Esq.**<br>**BONDURANT, MIXSON & ELMORE, LLP**<br>**1201 W. Peachtree St., N.W., Suite 3900**<br>**Atlanta, GA 30309** | Date and Time:<br>**October 24, 2022; 9:00 a.m.** |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  October 4, 2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Sarah J. Unatin*
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants, Extended Stay America, Inc., ESA Management, LLC and HVM, L.L.C.**, who issues or requests this subpoena, are: Sarah J. Unatin, Esq., Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, 3344 Peachtree Road, NE, Suite 2400, Atlanta, GA 30326, 404.876.2700, sunatin@wwhgd.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:19-CV-03843-WMR

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for _____

on _____.                              _____
    *(date)*                                              *(name of individual and title, if any)*

☒   I served the subpoena by **CERTIFIED MAIL, RETURN RECEIPT** to the named person as follows:
       **Grady Health System – HIM Department.**

       on   October 4, 2022;   OR

☐   I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount
of $_____.

My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: October 4, 2022_____                  */s/ Sarah J. Unatin*_____
                                                      Sarah J, Unatin, Attorney for Defendants  Extended
                                                      Stay America, Inc., ESA Management, LLC, ESA P
                                                      Portfolio, LLC and ESA P Portfolio Operating Lessee,
                                                      LLC
                                                      Weinberg Wheeler Hudgins Gunn & Dial, LLP
                                                      3344 Peachtree Road, Suite 2400
                                                      Atlanta, Georgia 30326

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

  (i) is a party or a party's officer; or

  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;

  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

  (ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  (i) expressly make the claim; and

  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.
For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

**NAME:**                    **JANE DOE 3**
**DATE OF BIRTH:**
**SOCIAL SECURITY NO.:**

1.

**CERTIFIED** copies of complete health record to include all notes, reports, correspondence, office note and/or writing of any kind and/or nature pertaining to or in any way connected with your professional association with the patient named above including but not limited to patient history and results of physical exam and documentation, nurses' notes, progress notes, diagnoses and prognoses rendered by you or various medical personnel treating and examining **JANE DOE 3**.

## CERTIFIED DOCUMENTS

*These records are to include a **CERTIFIED** copy of your **entire** file, including but not limited to any and all documents whether typewritten, printed, recorded or computerized, inclusive of photographs, video or digital records.*

You must produce **each and every** piece of paper contained in your files, whether or not prepared by you (i.e., letters or records sent to you from another source.) This further includes correspondence, telephone messages, letters from attorneys, as well as billing and insurance information on file. Leave nothing out for any reason.

## HIPAA NOTICE:

In accordance with the provisions of **45 CFR 164.512(e)(1)(ii)**, this Subpoena has been issued pursuant to Rules 45(b)(1) and 5(b), Fed. R. Civ. P. The Party issuing this Subpoena has provided written notice to the Patient listed above by sending her attorney the attached Subpoena for which said Subpoena has been issued and included sufficient information about the documents sought to permit the Plaintiff to raise an objection to the Court or Administrative Tribunal.

**ATTACHMENT 5**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in a Civil Action

Case 1:19-cv-03843-WMR   Document 380   Filed 10/04/22   Page 41 of 111

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**JANE DOE 3,**

*Plaintiffs,*

CIVIL ACTION FILE NO:

V.

**1:19-CV-03843-WMR**

## RED ROOF INNS, INC. et al.

*Defendants.*

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

**To:  Grady EMS**
**Attn: Custodian of Medical Records**
**80 Jesse Hill Jr. Drive SE, Box 26042**
**Atlanta, GA  30303**

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit "A" attached hereto.

| Place: **Michael Baumrind, Esq.**<br>**BONDURANT, MIXSON & ELMORE, LLP**<br>**1201 W. Peachtree St., N.W., Suite 3900**<br>**Atlanta, GA 30309** | Date and Time:<br>**October 24, 2022; 9:00 a.m.** |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  October 4, 2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Sarah J. Unatin*
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants, Extended Stay America, Inc., ESA Management, LLC and HVM, L.L.C.**, who issues or requests this subpoena, are: Sarah J. Unatin, Esq., Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, 3344 Peachtree Road, NE, Suite 2400, Atlanta, GA 30326, 404.876.2700, sunatin@wwhgd.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:19-CV-03843-WMR

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for _____

on _____.
    *(date)*                                         *(name of individual and title, if any)*

☒ I served the subpoena by **CERTIFIED MAIL, RETURN RECEIPT** to the named person as follows: **Grady EMS – Custodian of Medical Records.**

    on  October 4, 2022;  OR

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: October 4, 2022 _____          */s/ Sarah J. Unatin*_____

                                        Sarah J, Unatin, Attorney for Defendants Extended Stay America, Inc., ESA Management, LLC, ESA P Portfolio, LLC and ESA P Portfolio Operating Lessee, LLC
                                        Weinberg Wheeler Hudgins Gunn & Dial, LLP
                                        3344 Peachtree Road, Suite 2400
                                        Atlanta, Georgia 30326

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

#### (c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

#### (d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

#### (e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as

trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it. For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

**NAME:**                    **JANE DOE 3**
**DATE OF BIRTH:**
**SOCIAL SECURITY NO.:**

1.

**CERTIFIED** copies of each and every record, report, correspondence, note and/or writing of any kind and/or nature pertaining to or in any way connected with your professional association with the patient named above including but not limited to the complete trip sheets, EMS patient care reports, patient questionnaires, results of physical examinations, monitoring of vital signs and results of diagnoses and prognoses rendered by you or any other medical personnel treating and examining **JANE DOE 3**.

## CERTIFIED DOCUMENTS

*These records are to include a **CERTIFIED** copy of your **entire** file, including but not limited to any and all documents whether typewritten, printed, recorded or computerized, inclusive of photographs, video or digital records.*

You must produce **each and every** piece of paper contained in your files, whether or not prepared by you (i.e., letters or records sent to you from another source.) This further includes correspondence, telephone messages, letters from attorneys, as well as billing and insurance information on file. Leave nothing out for any reason.

## HIPAA NOTICE:

In accordance with the provisions of **45 CFR 164.512(e)(1)(ii),** this Subpoena has been issued pursuant to Rules 45(b)(1) and 5(b), Fed. R. Civ. P. The Party issuing this Subpoena has provided written notice to the Patient listed above by sending her attorney the attached Subpoena for which said Subpoena has been issued and included sufficient information about the documents sought to permit the Plaintiff to raise an objection to the Court or Administrative Tribunal.

**ATTACHMENT 6**

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

### JANE DOE 3,

*Plaintiffs,*

V.

CIVIL ACTION FILE NO:

**1:19-CV-03843-WMR**

## RED ROOF INNS, INC. et al.

*Defendants.*

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

**To: Sovereign Women's Healthcare**
**Attn: Custodian of Medical Records**
**1875 Old Alabama Road, Suite 210**
**Roswell, GA 30076**

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit "A" attached hereto.

| Place: **Michael Baumrind, Esq.** **BONDURANT, MIXSON & ELMORE, LLP** **1201 W. Peachtree St., N.W., Suite 3900** **Atlanta, GA 30309** | Date and Time: **October 24, 2022; 9:00 a.m.** |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 4, 2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Sarah J. Unatin*
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants, Extended Stay America, Inc., ESA Management, LLC and HVM, L.L.C.,** who issues or requests this subpoena, are: Sarah J. Unatin, Esq., Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, 3344 Peachtree Road, NE, Suite 2400, Atlanta, GA 30326, 404.876.2700, sunatin@wwhgd.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-CV-03843-WMR

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for _____

on _____.
     *(date)*                                                       *(name of individual and title, if any)*

☒   I served the subpoena by **CERTIFIED MAIL, RETURN RECEIPT** to the named person as follows:
     **Sovereign Women's Healthcare – Attn: Custodian of Medical Records**

     on  October 4, 2022; OR

☐   I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: October 4, 2022 _____

                                 */s/ Sarah J. Unatin* _____
                                   Sarah J, Unatin, Attorney for Defendants Extended
                                   Stay America, Inc., ESA Management, LLC, ESA P
                                   Portfolio, LLC and ESA P Portfolio Operating Lessee,
                                   LLC
                                   Weinberg Wheeler Hudgins Gunn & Dial, LLP
                                   3344 Peachtree Road, Suite 2400
                                   Atlanta, Georgia 30326

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may
command a person to attend a trial, hearing, or deposition only
as follows:

    **(A)** within 100 miles of where the person resides, is
employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or
regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur
substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored
information, or tangible things at a place within 100 miles of
where the person resides, is employed, or regularly transacts
business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or
attorney responsible for issuing and serving a subpoena must take
reasonable steps to avoid imposing undue burden or expense on a
person subject to the subpoena. The court for the district where
compliance is required must enforce this duty and impose an
appropriate sanction—which may include lost earnings and
reasonable attorney's fees—on a party or attorney who fails to
comply.

**(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or
to permit the inspection of premises, need not appear in person at
the place of production or inspection unless also commanded to
appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or
tangible things or to permit inspection may serve on the party or
attorney designated in the subpoena a written objection to
inspecting, copying, testing, or sampling any or all of the materials
or to inspecting the premises—or to producing electronically stored
information in the form or forms requested. The objection must be
served before the earlier of the time specified for compliance or 14
days after the subpoena is served. If an objection is made, the
following rules apply:
        **(i)** At any time, on notice to the commanded person, the
serving party may move the court for the district where
compliance is required for an order compelling production or
inspection.
        **(ii)** These acts may be required only as directed in the order,
and the order must protect a person who is neither a party nor a
party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the
district where compliance is required must quash or modify a
subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the
geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected
matter, if no exception or waiver applies; or

        **(ii)** disclosing an unretained expert's opinion or
information that does not describe specific occurrences in
dispute and results from the expert's study that was not
requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the
circumstances described in Rule 45(d)(3)(B), the court
may, instead of quashing or modifying a subpoena, order
appearance or production under specified conditions if the
serving party:
        **(i)** shows a substantial need for the testimony or material
that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably
            compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored
Information.*** These procedures apply to producing documents
or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce
documents must produce them as they are kept in the ordinary
course of business or must organize and label them to correspond
to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information
Not Specified.* If a subpoena does not specify a form for
producing electronically stored information, the person
responding must produce it in a form or forms in which it is
ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One
Form.* The person responding need not produce the same
electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The
person responding need not provide discovery of electronically
stored information from sources that the person identifies as not
reasonably accessible because of undue burden or cost. On
motion to compel discovery or for a protective order, the person
responding must show that the information is not reasonably
accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such
sources if the requesting party shows good cause, considering
the limitations of Rule 26(b)(2)(C). The court may specify
conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed
information under a claim that it is privileged or subject to
protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents,
communications, or tangible things in a manner that, without
revealing information itself privileged or protected, will enable
the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in
response to a subpoena is subject to a claim of privilege
or of protection as
trial-preparation material, the person making the claim may
notify any party that received the information of the claim and
the basis for it. After being notified, a party must promptly
return, sequester, or destroy the specified information and any
copies it has; must not use or disclose the information until the
claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and
may promptly present the information under seal to the court for

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.
For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT  A

**NAME:**                        **JANE DOE 3**
**DATE OF BIRTH:**
**SOCIAL SECURITY NO.:**

1.

**CERTIFIED** copies of each and every record, report, correspondence, office note and/or writing of any kind and/or nature pertaining to or in any way connected with your professional association with the patient named above including but not limited to ambulance trip reports, laboratory reports, radiology reports and imaging studies, billing records, nurses' notes, progress notes, results of physical examinations, histories and physicals, triage notes, discharge summaries, operative reports, diagnoses and prognoses rendered by you or various medical personnel treating and examining **JANE DOE 3**.

2.

**CERTIFIED** copies of each and every bill, record of payment, invoice, or any other record pertaining to the charges for your services and/or professional association with **JANE DOE 3**.

## CERTIFIED DOCUMENTS

*These records are to include a **CERTIFIED** copy of your **entire** file, including but not limited to any and all documents whether typewritten, printed, recorded or computerized, inclusive of photographs, video or digital records.*

You must produce **each and every** piece of paper contained in your files, whether or not prepared by you (i.e., letters or records sent to you from another source.) This further includes correspondence, telephone messages, letters from attorneys, as well as billing and insurance information on file. Leave nothing out for any reason.

## HIPAA NOTICE:

In accordance with the provisions of **45 CFR 164.512(e)(1)(ii)**, this Subpoena has been issued pursuant to Rules 45(b)(1) and 5(b), Fed. R. Civ. P. The Party issuing this Subpoena has provided written notice to the Patient listed above by sending her attorney the attached Subpoena for which said Subpoena has been issued and included sufficient information about the documents sought to permit the Plaintiff to raise an objection to the Court or Administrative Tribunal.

ATTACHMENT 7

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**JANE DOE 3,**

*Plaintiffs,*

CIVIL ACTION FILE NO:

V.

**1:19-CV-03843-WMR**

## RED ROOF INNS, INC. et al.

*Defendants.*

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
### OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

**To: Centered for Life**
**Attn: Custodian of Medical Records**
**2487 Demere Road, Suite 500**
**St. Simons Island, GA 31522**

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit "A" attached hereto.

| Place: **Michael Baumrind, Esq.**<br>**BONDURANT, MIXSON & ELMORE, LLP**<br>**1201 W. Peachtree St., N.W., Suite 3900**<br>**Atlanta, GA 30309** | Date and Time:<br>**October 24, 2022; 9:00 a.m.** |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 4, 2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Sarah J. Unatin*
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants, Extended Stay America, Inc., ESA Management, LLC and HVM, L.L.C.**, who issues or requests this subpoena, are: Sarah J. Unatin, Esq., Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, 3344 Peachtree Road, NE, Suite 2400, Atlanta, GA 30326, 404.876.2700, sunatin@wwhgd.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-CV-03843-WMR

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for _____

on _____.

     *(date)*                                                            *(name of individual and title, if any)*

☒  I served the subpoena by **CERTIFIED MAIL, RETURN RECEIPT** to the named person as follows:
  **Centered for Life – Attn: Custodian of Medical Records**

    on  October 4, 2022;  OR

☐  I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount
of $_____.

My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: October 4, 2022 _____

                                    */s/ Sarah J. Unatin* _____
                                    Sarah J, Unatin, Attorney for Defendants  Extended
                                    Stay America, Inc., ESA Management, LLC, ESA P
                                    Portfolio, LLC and ESA P Portfolio Operating Lessee,
                                    LLC
                                    Weinberg Wheeler Hudgins Gunn & Dial, LLP
                                    3344 Peachtree Road, Suite 2400
                                    Atlanta, Georgia 30326

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as

trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.
For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

**NAME:**                     **JANE DOE 3**
**DATE OF BIRTH:**
**SOCIAL SECURITY NO.:**

1.

**CERTIFIED** copies of each and every record, report, correspondence, office note and/or writing of any kind and/or nature pertaining to or in any way connected with your professional association with the patient named above including but not limited to ambulance trip reports, laboratory reports, radiology reports and imaging studies, billing records, nurses' notes, progress notes, results of physical examinations, histories and physicals, triage notes, discharge summaries, operative reports, diagnoses and prognoses rendered by you or various medical personnel treating and examining **JANE DOE 3**.

2.

**CERTIFIED** copies of each and every bill, record of payment, invoice, or any other record pertaining to the charges for your services and/or professional association with **JANE DOE 3**.

## CERTIFIED DOCUMENTS

*These records are to include a **CERTIFIED** copy of your **entire** file, including but not limited to any and all documents whether typewritten, printed, recorded or computerized, inclusive of photographs, video or digital records.*

You must produce **each and every** piece of paper contained in your files, whether or not prepared by you (i.e., letters or records sent to you from another source.) This further includes correspondence, telephone messages, letters from attorneys, as well as billing and insurance information on file.  Leave nothing out for any reason.

## HIPAA NOTICE:

In accordance with the provisions of **45 CFR 164.512(e)(1)(ii)**, this Subpoena has been issued pursuant to Rules 45(b)(1) and 5(b), Fed. R. Civ. P.  The Party issuing this Subpoena has provided written notice to the Patient listed above by sending her attorney the attached Subpoena for which said Subpoena has been issued and included sufficient information about the documents sought to permit the Plaintiff to raise an objection to the Court or Administrative Tribunal.

**ATTACHMENT 8**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**JANE DOE 3,**

*Plaintiffs,*

CIVIL ACTION FILE NO:

v.

**1:19-CV-03843-WMR**

## RED ROOF INNS, INC. et al.

*Defendants.*

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
### OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   **Emerald Isle Counseling**
      **Attn: Custodian of Medical Records**
      **501 Gloucester Street, Suite 204**
      **Brunswick, GA 31520**

☒ *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit "A" attached hereto.

| Place: **Michael Baumrind, Esq.**<br>**BONDURANT, MIXSON & ELMORE, LLP**<br>**1201 W. Peachtree St., N.W., Suite 3900**<br>**Atlanta, GA 30309** | Date and Time:<br>**October 24, 2022; 9:00 a.m.** |
|---|---|

☐ *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   October 4, 2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Sarah J. Unatin*
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants, Extended Stay America, Inc., ESA Management, LLC and HVM, L.L.C.,** who issues or requests this subpoena, are: Sarah J. Unatin, Esq., Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, 3344 Peachtree Road, NE, Suite 2400, Atlanta, GA 30326, 404.876.2700, sunatin@wwhgd.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-CV-03843-WMR

### PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for _____

on _____.                          _____

     *(date)*                                          (*name of individual and title, if any*)


☒   I served the subpoena by **CERTIFIED MAIL, RETURN RECEIPT** to the named person as follows:
**Emerald Isle Counseling – Attn: Custodian of Medical Records**

    on  October 4, 2022;  OR


☐   I returned the subpoena unexecuted because:


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount
of $_____.

My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00.


I declare under penalty of perjury that this information is true.


Date: October 4, 2022_____          */s/ Sarah J. Unatin*_____
                                      Sarah J, Unatin, Attorney for Defendants  Extended
                                      Stay America, Inc., ESA Management, LLC, ESA P
                                      Portfolio, LLC and ESA P Portfolio Operating Lessee,
                                      LLC
                                        Weinberg Wheeler Hudgins Gunn & Dial, LLP
                                        3344 Peachtree Road, Suite 2400
                                        Atlanta, Georgia 30326

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as

trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.
 For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT  A

**NAME:**                          **JANE DOE 3**
**DATE OF BIRTH:**
**SOCIAL SECURITY NO.:**

1.

**CERTIFIED** copies of each and every record, report, correspondence, office note and/or writing of any kind and/or nature pertaining to or in any way connected with your professional association with the patient named above including but not limited to ambulance trip reports, laboratory reports, radiology reports and imaging studies, billing records, nurses' notes, progress notes, results of physical examinations, histories and physicals, triage notes, discharge summaries, operative reports, diagnoses and prognoses rendered by you or various medical personnel treating and examining **JANE DOE 3**.

2.

**CERTIFIED** copies of each and every bill, record of payment, invoice, or any other record pertaining to the charges for your services and/or professional association with **JANE DOE 3**.

## CERTIFIED DOCUMENTS

*These records are to include a **CERTIFIED** copy of your **entire** file, including but not limited to any and all documents whether typewritten, printed, recorded or computerized, inclusive of photographs, video or digital records.*

You must produce **each and every** piece of paper contained in your files, whether or not prepared by you (i.e., letters or records sent to you from another source.) This further includes correspondence, telephone messages, letters from attorneys, as well as billing and insurance information on file.  Leave nothing out for any reason.

## HIPAA NOTICE:

In accordance with the provisions of **45 CFR 164.512(e)(1)(ii)**, this Subpoena has been issued pursuant to Rules 45(b)(1) and 5(b), Fed. R. Civ. P.  The Party issuing this Subpoena has provided written notice to the Patient listed above by sending her attorney the attached Subpoena for which said Subpoena has been issued and included sufficient information about the documents sought to permit the Plaintiff to raise an objection to the Court or Administrative Tribunal.

**ATTACHMENT 9**

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

## JANE DOE 3,

*Plaintiffs,*                                                    CIVIL ACTION FILE NO:

V.

**1:19-CV-03843-WMR**

## RED ROOF INNS, INC. et al.

*Defendants.*

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
### OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  **Deuser, M.D. & Associates**
     **Attn: Custodian of Medical Records**
     **7 Saint Andrews Court**
     **Brunswick, GA 31520**

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit "A" attached hereto.

| Place: **Michael Baumrind, Esq.**<br>**BONDURANT, MIXSON & ELMORE, LLP**<br>**1201 W. Peachtree St., N.W., Suite 3900**<br>**Atlanta, GA 30309** | Date and Time:<br>**October 24, 2022; 9:00 a.m.** |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  October 4, 2022

CLERK OF COURT

OR

_____                    */s/ Sarah J. Unatin*
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants, Extended Stay America, Inc., ESA Management, LLC and HVM, L.L.C.**, who issues or requests this subpoena, are: Sarah J. Unatin, Esq., Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, 3344 Peachtree Road, NE, Suite 2400, Atlanta, GA 30326, 404.876.2700, sunatin@wwhgd.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:19-CV-03843-WMR

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for _____

on _____.
     *(date)*                              _____
                                                *(name of individual and title, if any)*

☒   I served the subpoena by **CERTIFIED MAIL, RETURN RECEIPT** to the named person as follows:
    **Deuser, M.D. & Associates – Attn: Custodian of Medical Records**

    on  October 4, 2022;  OR

☐   I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: October 4, 2022                     */s/ Sarah J. Unatin*_____
                                         Sarah J, Unatin, Attorney for Defendants  Extended Stay America, Inc., ESA Management, LLC, ESA P Portfolio, LLC and ESA P Portfolio Operating Lessee, LLC
                                         Weinberg Wheeler Hudgins Gunn & Dial, LLP
                                         3344 Peachtree Road, Suite 2400
                                         Atlanta, Georgia 30326

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as

trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.
For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT  A

**NAME:**                    **JANE DOE 3**
**DATE OF BIRTH:**
**SOCIAL SECURITY NO.:**

1.

**CERTIFIED** copies of each and every record, report, correspondence, office note and/or writing of any kind and/or nature pertaining to or in any way connected with your professional association with the patient named above including but not limited to ambulance trip reports, laboratory reports, radiology reports and imaging studies, billing records, nurses' notes, progress notes, results of physical examinations, histories and physicals, triage notes, discharge summaries, operative reports, diagnoses and prognoses rendered by you or various medical personnel treating and examining **JANE DOE 3**.

2.

**CERTIFIED c**opies of each and every bill, record of payment, invoice, or any other record pertaining to the charges for your services and/or professional association with **JANE DOE 3**.

## CERTIFIED DOCUMENTS

*These records are to include a **CERTIFIED** copy of your **entire** file, including but not limited to any and all documents whether typewritten, printed, recorded or computerized, inclusive of photographs, video or digital records.*

You must produce **each** and **every** piece of paper contained in your files, whether or not prepared by you (i.e., letters or records sent to you from another source.) This further includes correspondence, telephone messages, letters from attorneys, as well as billing and insurance information on file.  Leave nothing out for any reason.

## HIPAA NOTICE:

In accordance with the provisions of **45 CFR 164.512(e)(1)(ii)**, this Subpoena has been issued pursuant to Rules 45(b)(1) and 5(b), Fed. R. Civ. P.  The Party issuing this Subpoena has provided written notice to the Patient listed above by sending her attorney the attached Subpoena for which said Subpoena has been issued and included sufficient information about the documents sought to permit the Plaintiff to raise an objection to the Court or Administrative Tribunal.

**ATTACHMENT 10**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in a Civil Action

Case 1:19-cv-03843-WMR  Document 380  Filed 10/04/22  Page 81 of 111

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**JANE DOE 3,**

*Plaintiffs,*

CIVIL ACTION FILE NO:

V.

**1:19-CV-03843-WMR**

## RED ROOF INNS, INC. et al.

*Defendants.*

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

**To:  Ash Tree Center**
**Attn: Custodian of Medical Records**
**2255 Cumberland Parkway SE**
**Atlanta, GA 30339**

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit "A" attached hereto.

| Place: **Michael Baumrind, Esq.**<br>**BONDURANT, MIXSON & ELMORE, LLP**<br>**1201 W. Peachtree St., N.W., Suite 3900**<br>**Atlanta, GA 30309** | Date and Time:<br>**October 24, 2022; 9:00 a.m.** |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  October 4, 2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Sarah J. Unatin*
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants, Extended Stay America, Inc., ESA Management, LLC and HVM, L.L.C.**, who issues or requests this subpoena, are: Sarah J. Unatin, Esq., Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, 3344 Peachtree Road, NE, Suite 2400, Atlanta, GA 30326, 404.876.2700, sunatin@wwhgd.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:19-CV-03843-WMR

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for _____

on _____.                                    _____
     *(date)*                                                (*name of individual and title, if any*)


☒   I served the subpoena by **CERTIFIED MAIL, RETURN RECEIPT** to the named person as follows: **Ash Tree Center – Attn: Custodian of Medical Records**

    on  October 4, 2022;  OR


☐   I returned the subpoena unexecuted because:


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00.


I declare under penalty of perjury that this information is true.


Date: October 4, 2022                          */s/ Sarah J. Unatin*_____
                                     Sarah J, Unatin, Attorney for Defendants  Extended Stay America, Inc., ESA Management, LLC, ESA P Portfolio, LLC and ESA P Portfolio Operating Lessee, LLC
                                     Weinberg Wheeler Hudgins Gunn & Dial, LLP
                                     3344 Peachtree Road, Suite 2400
                                     Atlanta, Georgia 30326

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it. For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

**NAME:**               **JANE DOE 3**
**DATE OF BIRTH:**
**SOCIAL SECURITY NO.:**

1.

**CERTIFIED** copies of each and every record, report, correspondence, office note and/or writing of any kind and/or nature pertaining to or in any way connected with your professional association with the patient named above including but not limited to ambulance trip reports, laboratory reports, radiology reports and imaging studies, billing records, nurses' notes, progress notes, results of physical examinations, histories and physicals, triage notes, discharge summaries, operative reports, diagnoses and prognoses rendered by you or various medical personnel treating and examining **JANE DOE 3**.

2.

**CERTIFIED** copies of each and every bill, record of payment, invoice, or any other record pertaining to the charges for your services and/or professional association with **JANE DOE 3**.

## CERTIFIED DOCUMENTS

*These records are to include a **CERTIFIED** copy of your **entire** file, including but not limited to any and all documents whether typewritten, printed, recorded or computerized, inclusive of photographs, video or digital records.*

You must produce **each and every** piece of paper contained in your files, whether or not prepared by you (i.e., letters or records sent to you from another source.) This further includes correspondence, telephone messages, letters from attorneys, as well as billing and insurance information on file.  Leave nothing out for any reason.

## HIPAA NOTICE:

In accordance with the provisions of **45 CFR 164.512(e)(1)(ii)**, this Subpoena has been issued pursuant to Rules 45(b)(1) and 5(b), Fed. R. Civ. P.  The Party issuing this Subpoena has provided written notice to the Patient listed above by sending her attorney the attached Subpoena for which said Subpoena has been issued and included sufficient information about the documents sought to permit the Plaintiff to raise an objection to the Court or Administrative Tribunal.

**ATTACHMENT 11**

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

## JANE DOE 3,

*Plaintiffs,*

V.

CIVIL ACTION FILE NO:

**1:19-CV-03843-WMR**

## RED ROOF INNS, INC. et al.

*Defendants.*

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: **Coastal Community Health Services**
**Attn: Custodian of Medical Records**
**106 Shoppers Way, Suite 101**
**Brunswick, GA 31525**

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit "A" attached hereto.

| Place: **Michael Baumrind, Esq.**<br>**BONDURANT, MIXSON & ELMORE, LLP**<br>**1201 W. Peachtree St., N.W., Suite 3900**<br>**Atlanta, GA 30309** | Date and Time:<br>**October 24, 2022; 9:00 a.m.** |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 4, 2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Sarah J. Unatin*
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants, Extended Stay America, Inc., ESA Management, LLC and HVM, L.L.C.**, who issues or requests this subpoena, are: Sarah J. Unatin, Esq., Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, 3344 Peachtree Road, NE, Suite 2400, Atlanta, GA 30326, 404.876.2700, sunatin@wwhgd.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:19-CV-03843-WMR

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for _____

on _____.

     *(date)*                                                *(name of individual and title, if any)*

☒   I served the subpoena by **CERTIFIED MAIL, RETURN RECEIPT** to the named person as follows: **Coastal Community Health Services – Attn: Custodian of Medical Records.**

    on  October 4, 2022;  OR

☐   I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: October 4, 2022                  */s/ Sarah J. Unatin*

                                           Sarah J, Unatin, Attorney for Defendants Extended Stay America, Inc., ESA Management, LLC, ESA P Portfolio, LLC and ESA P Portfolio Operating Lessee, LLC
                                           Weinberg Wheeler Hudgins Gunn & Dial, LLP
                                           3344 Peachtree Road, Suite 2400
                                           Atlanta, Georgia 30326

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.
For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT  A

**NAME:**                              **JANE DOE 3**
**DATE OF BIRTH:**
**SOCIAL SECURITY NO.:**

1.

**CERTIFIED** copies of complete health record to include all notes, reports, correspondence, office note and/or writing of any kind and/or nature pertaining to or in any way connected with your professional association with the patient named above including but not limited to patient history and results of physical exam and documentation, nurses' notes, progress notes, diagnoses and prognoses rendered by you or various medical personnel treating and examining **JANE DOE 3**.

2.

**CERTIFIED** copies of each and every bill, record of payment, invoice, or any other record pertaining to the charges for your services and/or professional association with **JANE DOE 3**.

## CERTIFIED DOCUMENTS

*These records are to include a **CERTIFIED** copy of your **entire** file, including but not limited to any and all documents whether typewritten, printed, recorded or computerized, inclusive of photographs, video or digital records.*

You must produce **each** and **every** piece of paper contained in your files, whether or not prepared by you (i.e., letters or records sent to you from another source.) This further includes correspondence, telephone messages, letters from attorneys, as well as billing and insurance information on file.  Leave nothing out for any reason.

## HIPAA NOTICE:

In accordance with the provisions of **45 CFR 164.512(e)(1)(ii)**, this Subpoena has been issued pursuant to Rules 45(b)(1) and 5(b), Fed. R. Civ. P.  The Party issuing this Subpoena has provided written notice to the Patient listed above by sending her attorney the attached Subpoena for which said Subpoena has been issued and included sufficient information about the documents sought to permit the Plaintiff to raise an objection to the Court or Administrative Tribunal.

ATTACHMENT 12

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**JANE DOE 3,**

*Plaintiffs,*

V.

**RED ROOF INNS, INC. et al.**

*Defendants.*

CIVIL ACTION FILE NO:

**1:19-CV-03843-WMR**

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: **Southeast Georgia Physicians Associates OB/GYN**
**Attn: Custodian of Medical Records**
**3025 Shrine Road, Suite 190**
**Brunswick, GA 31520**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit "A" attached hereto.

| Place: **Michael Baumrind, Esq.**<br>**BONDURANT, MIXSON & ELMORE, LLP**<br>**1201 W. Peachtree St., N.W., Suite 3900**<br>**Atlanta, GA 30309** | Date and Time:<br>**October 24, 2022; 9:00 a.m.** |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 4, 2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Sarah J. Unatin*
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants, Extended Stay America, Inc., ESA Management, LLC and HVM, L.L.C.,** who issues or requests this subpoena, are: Sarah J. Unatin, Esq., Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, 3344 Peachtree Road, NE, Suite 2400, Atlanta, GA 30326, 404.876.2700, sunatin@wwhgd.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:19-CV-03843-WMR

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for _____

on _____.                              _____
      *(date)*                                                    *(name of individual and title, if any)*

☒   I served the subpoena by **CERTIFIED MAIL, RETURN RECEIPT** to the named person as follows:
    **Southeast Georgia Physicians Associates OB/GYN – Attn: Custodian of Medical Records**

    on   October 4, 2022;  OR

☐   I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount
of $_____.

My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: October 4, 2022                          */s/ Sarah J. Unatin*_____

                                     Sarah J, Unatin, Attorney for Defendants Extended
                                     Stay America, Inc., ESA Management, LLC, ESA P
                                     Portfolio, LLC and ESA P Portfolio Operating Lessee,
                                     LLC
                                     Weinberg Wheeler Hudgins Gunn & Dial, LLP
                                     3344 Peachtree Road, Suite 2400
                                     Atlanta, Georgia 30326

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as

trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it. For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

**NAME:**                    **JANE DOE 3**
**DATE OF BIRTH:**
**SOCIAL SECURITY NO.:**

1.

**CERTIFIED** copies of each and every record, report, correspondence, office note and/or writing of any kind and/or nature pertaining to or in any way connected with your professional association with the patient named above including but not limited to ambulance trip reports, laboratory reports, radiology reports and imaging studies, billing records, nurses' notes, progress notes, results of physical examinations, histories and physicals, triage notes, discharge summaries, operative reports, diagnoses and prognoses rendered by you or various medical personnel treating and examining **JANE DOE 3**.

2.

**CERTIFIED** copies of each and every bill, record of payment, invoice, or any other record pertaining to the charges for your services and/or professional association with **JANE DOE 3**.

## CERTIFIED DOCUMENTS

*These records are to include a* **_CERTIFIED_** *copy of your* **_entire_** *file, including but not limited to any and all documents whether typewritten, printed, recorded or computerized, inclusive of photographs, video or digital records.*

You must produce **each and every** piece of paper contained in your files, whether or not prepared by you (i.e., letters or records sent to you from another source.) This further includes correspondence, telephone messages, letters from attorneys, as well as billing and insurance information on file.  Leave nothing out for any reason.

## HIPAA NOTICE:

In accordance with the provisions of **45 CFR 164.512(e)(1)(ii)**, this Subpoena has been issued pursuant to Rules 45(b)(1) and 5(b), Fed. R. Civ. P.  The Party issuing this Subpoena has provided written notice to the Patient listed above by sending her attorney the attached Subpoena for which said Subpoena has been issued and included sufficient information about the documents sought to permit the Plaintiff to raise an objection to the Court or Administrative Tribunal.

ATTACHMENT 13

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**JANE DOE 3,**

*Plaintiffs,*

V.

CIVIL ACTION FILE NO:

**1:19-CV-03843-WMR**

## RED ROOF INNS, INC. et al.

*Defendants.*

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: **Southeast Georgia Health System**
   **Attn: Custodian of Medical Records**
   **2415 Parkwood Drive**
   **Brunswick, GA 31520**

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit "A" attached hereto.

| Place: **Michael Baumrind, Esq.** **BONDURANT, MIXSON & ELMORE, LLP** **1201 W. Peachtree St., N.W., Suite 3900** **Atlanta, GA 30309** | Date and Time: **October 24, 2022; 9:00 a.m.** |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  October 4, 2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Sarah J. Unatin*
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants, Extended Stay America, Inc., ESA Management, LLC and HVM, L.L.C.,** who issues or requests this subpoena, are: Sarah J. Unatin, Esq., Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, 3344 Peachtree Road, NE, Suite 2400, Atlanta, GA 30326, 404.876.2700, sunatin@wwhgd.com.

**Notice to the person who issues or requests this subpoena**

   If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:19-CV-03843-WMR

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for _____

on _____.
    *(date)*                                     *(name of individual and title, if any)*

☒ I served the subpoena by **CERTIFIED MAIL, RETURN RECEIPT** to the named person as follows: **Southeast Georgia Health System – Attn: Custodian of Medical Records**

on  October 4, 2022;  OR

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: October 4, 2022            */s/ Sarah J. Unatin*

                                      Sarah J, Unatin, Attorney for Defendants Extended Stay America, Inc., ESA Management, LLC, ESA P Portfolio, LLC and ESA P Portfolio Operating Lessee, LLC
Weinberg Wheeler Hudgins Gunn & Dial, LLP
3344 Peachtree Road, Suite 2400
Atlanta, Georgia 30326

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as

trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.
For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

**NAME:**                    **JANE DOE 3**
**DATE OF BIRTH:**
**SOCIAL SECURITY NO.:**

1.

**CERTIFIED** copies of each and every record, report, correspondence, office note and/or writing of any kind and/or nature pertaining to or in any way connected with your professional association with the patient named above including but not limited to ambulance trip reports, laboratory reports, radiology reports and imaging studies, billing records, nurses' notes, progress notes, results of physical examinations, histories and physicals, triage notes, discharge summaries, operative reports, diagnoses and prognoses rendered by you or various medical personnel treating and examining **JANE DOE 3**.

2.

**CERTIFIED** copies of each and every bill, record of payment, invoice, or any other record pertaining to the charges for your services and/or professional association with **JANE DOE 3**.

## CERTIFIED DOCUMENTS

*These records are to include a **CERTIFIED** copy of your **entire** file, including but not limited to any and all documents whether typewritten, printed, recorded or computerized, inclusive of photographs, video or digital records.*

You must produce **each** and **every** piece of paper contained in your files, whether or not prepared by you (i.e., letters or records sent to you from another source.) This further includes correspondence, telephone messages, letters from attorneys, as well as billing and insurance information on file.  Leave nothing out for any reason.

## HIPAA NOTICE:

In accordance with the provisions of **45 CFR 164.512(e)(1)(ii),** this Subpoena has been issued pursuant to Rules 45(b)(1) and 5(b), Fed. R. Civ. P.  The Party issuing this Subpoena has provided written notice to the Patient listed above by sending her attorney the attached Subpoena for which said Subpoena has been issued and included sufficient information about the documents sought to permit the Plaintiff to raise an objection to the Court or Administrative Tribunal.