**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JANE DOE 3, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION FILE |
| | ) NO. 1:19-CV-03843-WMR |
| RED ROOF INNS, INC., et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS EXTENDED STAY AMERICA, INC., ESA MANAGEMENT, LLC, ESA P PORTFOLIO, LLC, AND ESA P PORTFOLIO OPERATING LESSEE, LLC'S NOTICE OF INTENT TO SERVE NON-PARTY SUBPOENAS

Pursuant to Federal Rule of Civil Procedure 45(a)(4), Defendants, Extended Stay America, Inc., ESA Management, LLC, ESA P Portfolio, LLC and ESA P Portfolio Operating Lessee, LLC, by and through counsel, hereby give notice that if no objection by any party is given within fourteen (14) days of the service of this notice, they will serve the attached subpoenas to the following non-parties:

1. Island Counseling
   Attn: Custodian of Medical Records
   P.O. Box 1814
   Tybee Island, GA  31328

2.    Island Counseling
      Attn: Custodian of Medical Records
      100 Blue Fin Circle, Suite 4
      Savannah, GA  31410

3.    CIOX Health ROI c/o Walmart, Inc.
      Attn: Custodian of Pharmacy Records
      702 SW 8th Street, Mailstop #0215
      Bentonville, AR  72716-0215

This 2nd day of November, 2022.

**WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC**

*/s/  Sarah J. Unatin*
Patrick B. Moore
GA Bar No. 520390
Christopher T. Byrd
GA Bar No. 100854
Shubhra R. Mashelkar
GA Bar No. 475388
George B. Green
GA Bar No. 665716
Sarah J. Unatin
GA Bar No. 953061

3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia  30326
Telephone: (404) 876-2700
Facsimile: (404) 875-9433
pmoore@wwhgd.com
cbyrd@wwhgd.com
smashelkar@wwhgd.com
ggreen@wwhgd.com
sunatin@wwhgd.com

*Counsel for Defendants Extended Stay America, Inc., ESA Management, LLC, ESA P Portfolio, LLC, and ESA P Portfolio Operating Lessee, LLC*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 5.1 AND 7.1D**

Pursuant to Local Rules 5.1 and 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, prepared with a top margin of not less than one and one-half inches and a left margin of not less than one inch, double-spaced between lines, and used Times New Roman font of 14-point size.

Dated: November 2, 2022.

/s/ *Sarah J. Unatin*
Sarah J. Unatin

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to all known counsel of record by electronic service via the Court's CM/ECF electronic filing system, addressed as follows:

John E. Floyd
Manoj S. Varghese
Tiana S. Mykkeltvedt
Amanda Kay Seals
Michael R. Baumrind
BONDURANT, MIXSON & ELMORE, LLP
1201 W. Peachtree St., N.W.
Suite 3900
Atlanta, GA 30309
floyd@bmelaw.com
varghese@bmelaw.com
mykketlvedt@bmelaw.com
seals@bmelaw.com
baumrind@bmelaw.com

*Counsel for Plaintiff*

Jonathan S. Tonge, Esq.
Patrick J. McDonough
Trinity Hundredmark
ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard
Suite 4000
Duluth, GA 30097
jtonge@atclawfirm.com
pmcdonough@atclawfirm.com
thundred@atclawfirm.com

*Counsel for Plaintiff*

Admir Allushi
Emma J. Fennelly
Charles K. Reed
Peyton Patterson
LEWIS BRISBOIS BISGAARD &
SMITH, LLP
1600 Peachtree St., N.E.
Suite 4700
Atlanta, GA 30308
adi.allushi@lewisbrisbois.com
emma.fennelly@lewisbrisbois.com
chuck.reed@lewisbrisbois.com
Peyton.patterson@lewisbrisbois.com

*Counsel for Red Roof Inns*

Anthony L. Cochran
Emily C. Ward
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree Street, N.E.
Suite 1000
Atlanta, GA 30309
acochran@sgrlaw.com
eward@sgrlaw.com

*Counsel for Essex*

Joseph Robb Cruser
Kristin L. Yoder
Glenn C. Tornillo
CRUSER MITCHELL LAW FIRM
275 Scientific Drive, NW
Suite 2000
Peachtree Corners, GA 30092
Rcruser@cmlawfirm.com
kyoder@cmlawfirm.com
gtornillo@cmlawfirm.com

*Counsel for Kuzzins Buford*

This 2nd day of November, 2022.

**WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC**

*/s/  Sarah J. Unatin*
Patrick B. Moore
GA Bar No. 520390
Christopher T. Byrd
GA Bar No. 100854
Shubhra R. Mashelkar
GA Bar No. 475388
George B. Green
GA Bar No. 665716
Sarah J. Unatin
GA Bar No. 953061

3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia  30326
Telephone: (404) 876-2700
Facsimile: (404) 875-9433
pmoore@wwhgd.com
cbyrd@wwhgd.com
smashelkar@wwhgd.com
ggreen@wwhgd.com
sunatin@wwhgd.com

*Counsel for Defendants Extended Stay
America, Inc., ESA Management, LLC,
ESA P Portfolio, LLC, and ESA P
Portfolio Operating Lessee, LLC*

ATTACHMENT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**JANE DOE 3,**

*Plaintiffs,*

CIVIL ACTION FILE NO:

V.

**1:19-CV-03843-WMR**

**RED ROOF INNS, INC. et al.**

*Defendants.*

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
### OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  **Island Counseling**
**Attn: Custodian of Medical Records**
**P.O. Box 1814**
**Tybee Island, GA 31328**

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit "A" attached hereto.

| | |
|---|---|
| Place: **Michael Baumrind, Esq.**<br>**BONDURANT, MIXSON & ELMORE, LLP**<br>**1201 W. Peachtree St., N.W., Suite 3900**<br>**Atlanta, GA 30309** | Date and Time:<br>**November 28, 2022; 9:00 a.m.** |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  November 2, 2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Sarah J. Unatin*
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants, Extended Stay America, Inc., ESA Management, LLC and HVM, L.L.C.**, who issues or requests this subpoena, are: Sarah J. Unatin, Esq., Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, 3344 Peachtree Road, NE, Suite 2400, Atlanta, GA 30326, 404.876.2700, sunatin@wwhgd.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-CV-03843-WMR

**PROOF OF SERVICE**

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for _____

on _____.                                    _____

  *(date)*                                                                  (*name of individual and title, if any*)


☒    I served the subpoena by **CERTIFIED MAIL, RETURN RECEIPT** to the named person as follows:
     **Island Counseling, Tybee Island, GA – Attn: Custodian of Medical Records**

     on   November 2, 2022;   OR


☐    I returned the subpoena unexecuted because:


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount
of $_____.

My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00.


I declare under penalty of perjury that this information is true.


Date: <u>November 2, 2022</u>                       <u>/s/ Sarah J. Unatin</u>

                                                      Sarah J, Unatin, Attorney for Defendants  Extended
                                                      Stay America, Inc., ESA Management, LLC, ESA P
                                                      Portfolio, LLC and ESA P Portfolio Operating Lessee,
                                                      LLC
                                                      Weinberg Wheeler Hudgins Gunn & Dial, LLP
                                                      3344 Peachtree Road, Suite 2400
                                                      Atlanta, Georgia 30326

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.
For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT  A

**NAME:**                    **JANE DOE 3**
**DATE OF BIRTH:**
**SOCIAL SECURITY NO.:**

1.

**CERTIFIED** copies of each and every record, report, correspondence, office note and/or writing of any kind and/or nature pertaining to or in any way connected with your professional association with the patient named above including but not limited to, laboratory reports, radiology reports and imaging studies, billing records, nurses' notes, progress notes, results of physical examinations, histories and physicals, triage notes, discharge summaries, diagnoses and prognoses rendered by you or various medical personnel treating and examining **JANE DOE 3**.

## **CERTIFIED DOCUMENTS**

*These records are to include a **CERTIFIED** copy of your **entire** file, including but not limited to any and all documents whether typewritten, printed, recorded or computerized, inclusive of photographs, video or digital records.*

You must produce **each and every** piece of paper contained in your files, whether or not prepared by you (i.e., letters or records sent to you from another source.) This further includes correspondence, telephone messages, letters from attorneys, as well as billing and insurance information on file.  Leave nothing out for any reason.

## **HIPAA NOTICE**:

In accordance with the provisions of **45 CFR 164.512(e)(1)(ii)**, this Subpoena has been issued pursuant to Rules 45(b)(1) and 5(b), Fed. R. Civ. P.  The Party issuing this Subpoena has provided written notice to the Patient listed above by sending her attorney the attached Subpoena for which said Subpoena has been issued and included sufficient information about the documents sought to permit the Plaintiff to raise an objection to the Court or Administrative Tribunal.

**ATTACHMENT 2**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**JANE DOE 3,**

*Plaintiffs,*

v.

CIVIL ACTION FILE NO:

**1:19-CV-03843-WMR**

**RED ROOF INNS, INC. et al.**

*Defendants.*

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
### OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  **Island Counseling**
**Attn: Custodian of Medical Records**
**100 Blue Fin Circle, Suite 4**
**Savannah, GA  31410**

☒ *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit "A" attached hereto.

| | |
|---|---|
| Place: **Michael Baumrind, Esq.**<br>**BONDURANT, MIXSON & ELMORE, LLP**<br>**1201 W. Peachtree St., N.W., Suite 3900**<br>**Atlanta, GA 30309** | Date and Time:<br>**November 28, 2022; 9:00 a.m.** |

☐ *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   November 2, 2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Sarah J. Unatin*
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants, Extended Stay America, Inc., ESA Management, LLC and HVM, L.L.C.**, who issues or requests this subpoena, are: Sarah J. Unatin, Esq., Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, 3344 Peachtree Road, NE, Suite 2400, Atlanta, GA 30326, 404.876.2700, sunatin@wwhgd.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-CV-03843-WMR

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for _____

on _____.                                _____
     *(date)*                                                   *(name of individual and title, if any)*


☒    I served the subpoena by **CERTIFIED MAIL, RETURN RECEIPT** to the named person as follows:
    **Island Counseling, Savannah, GA – Attn: Custodian of Medical Records**

    on   November 2, 2022;  OR


☐    I returned the subpoena unexecuted because:


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00.


I declare under penalty of perjury that this information is true.


Date: November 2, 2022                    */s/ Sarah J. Unatin*_____

                                          Sarah J, Unatin, Attorney for Defendants  Extended Stay America, Inc., ESA Management, LLC, ESA P Portfolio, LLC and ESA P Portfolio Operating Lessee, LLC
                                          Weinberg Wheeler Hudgins Gunn & Dial, LLP
                                          3344 Peachtree Road, Suite 2400
                                          Atlanta, Georgia 30326

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

    **(i)** is a party or a party's officer; or

    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;

    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    **(i)** expressly make the claim; and

    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it. For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

**NAME:**              **JANE DOE 3**
**DATE OF BIRTH:**
**SOCIAL SECURITY NO.:**

1.

**CERTIFIED** copies of each and every record, report, correspondence, office note and/or writing of any kind and/or nature pertaining to or in any way connected with your professional association with the patient named above including but not limited to, laboratory reports, radiology reports and imaging studies, billing records, nurses' notes, progress notes, results of physical examinations, histories and physicals, triage notes, discharge summaries, diagnoses and prognoses rendered by you or various medical personnel treating and examining **JANE DOE 3**.

## CERTIFIED DOCUMENTS

*These records are to include a **CERTIFIED** copy of your **entire** file, including but not limited to any and all documents whether typewritten, printed, recorded or computerized, inclusive of photographs, video or digital records.*

You must produce **each and every** piece of paper contained in your files, whether or not prepared by you (i.e., letters or records sent to you from another source.) This further includes correspondence, telephone messages, letters from attorneys, as well as billing and insurance information on file.  Leave nothing out for any reason.

## HIPAA NOTICE:

In accordance with the provisions of **45 CFR 164.512(e)(1)(ii)**, this Subpoena has been issued pursuant to Rules 45(b)(1) and 5(b), Fed. R. Civ. P.  The Party issuing this Subpoena has provided written notice to the Patient listed above by sending her attorney the attached Subpoena for which said Subpoena has been issued and included sufficient information about the documents sought to permit the Plaintiff to raise an objection to the Court or Administrative Tribunal.

**ATTACHMENT 3**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**JANE DOE 3,**

*Plaintiffs,*

V.

CIVIL ACTION FILE NO:

**1:19-CV-03843-WMR**

**RED ROOF INNS, INC. et al.**

*Defendants.*

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
### OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   **CIOX Health ROI c/o Walmart, Inc.**
      **Attn:  Custodian of Pharmacy Records**
      **702 SW 8th Street, Mailstop #0215**
      **Bentonville, AR  72716-0215**

☒ *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit "A" attached hereto.

| Place: **Michael Baumrind, Esq.** **BONDURANT, MIXSON & ELMORE, LLP** **1201 W. Peachtree St., N.W., Suite 3900** **Atlanta, GA 30309** | Date and Time: **November 28, 2022; 9:00 a.m.** |
|---|---|

☐ *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   November 2, 2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Sarah J. Unatin*
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants, Extended Stay America, Inc., ESA Management, LLC and HVM, L.L.C.**, who issues or requests this subpoena, are: Sarah J. Unatin, Esq., Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, 3344 Peachtree Road, NE, Suite 2400, Atlanta, GA 30326, 404.876.2700, sunatin@wwhgd.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:19-CV-03843-WMR

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for _____

on _____.                                      _____
      *(date)*                                             *(name of individual and title, if any)*


☒   I served the subpoena by **CERTIFIED MAIL, RETURN RECEIPT** to the named person as follows:
     **CIOX Health ROI c/o Walmart, Inc. – Attn: Custodian of Pharmacy Records**

     on   November 2, 2022;  OR


☐   I returned the subpoena unexecuted because:


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount
of $_____.

My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00.


I declare under penalty of perjury that this information is true.


Date: November 2, 2022                    */s/ Sarah J. Unatin*_____

                                          Sarah J, Unatin, Attorney for Defendants  Extended
                                          Stay America, Inc., ESA Management, LLC, ESA P
                                          Portfolio, LLC and ESA P Portfolio Operating Lessee,
                                          LLC
                                          Weinberg Wheeler Hudgins Gunn & Dial, LLP
                                          3344 Peachtree Road, Suite 2400
                                          Atlanta, Georgia 30326

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as

trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it. For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

**NAME:**                    **JANE DOE 3**
**DATE OF BIRTH:**
**SOCIAL SECURITY NO.:**

1.

**CERTIFIED** copies of any and all documents and/or information in your possession, custody or control which pertain to medications dispensed to **JANE DOE 3**, including but not limited to those documents created in prescribing and administering, packaging, labeling, or compounding necessary to prepare medication for delivery to **JANE DOE 3**.

2.

**CERTIFIED** copies of all telephone logs or documents showing telephone calls to or from **JANE DOE 3**, or any healthcare provider(s) pertaining to **JANE DOE 3**.

3.

**CERTIFIED** Any other documents in your possession not produced in response to the Requests above, which are found in your files or in any way pertain to **JANE DOE 3**.

## CERTIFIED DOCUMENTS

*These records are to include a **CERTIFIED** copy of your **entire** file, including but not limited to any and all documents whether typewritten, printed, recorded or computerized, inclusive of photographs, video or digital records.*

You must produce **each and every** piece of paper contained in your files, whether or not prepared by you (i.e., letters or records sent to you from another source.) This further includes correspondence, telephone messages, letters from attorneys, as well as billing and insurance information on file.  Leave nothing out for any reason.

## HIPAA NOTICE:

In accordance with the provisions of **45 CFR 164.512(e)(1)(ii)**, this Subpoena has been issued pursuant to Rules 45(b)(1) and 5(b), Fed. R. Civ. P.  The Party issuing this Subpoena has provided written notice to the Patient listed above by sending her attorney the attached Subpoena for which said Subpoena has been issued and included sufficient information about the documents sought to permit the Plaintiff to raise an objection to the Court or Administrative Tribunal.